UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-282-2F

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DONALD STANTON SHEALEY, | ) | |
| Defendant. | ) | |

This matter is before the court on the Motion for Resentencing [DE-440] filed by Donald Shealey ("Shealey"). The Government has not seen fit to file a written opposition to Shealey's motion, and the time to do so has passed. This matter therefore is ripe for disposition.

## I. STATEMENT OF THE CASE

On March 24, 2009, after a multi-week trial, Shealey was found guilty on all eight counts charged in the Superseding Indictment [DE-286]. On July 14, 2009, Shealey was sentenced to a term of prison for the duration of his natural life [DE-313]. After sentencing, Shealey appealed his drug convictions for violations of the Speedy Trial Act and of the Fifth and Sixth Amendments as well as sentencing errors [DE-314]. On April 25, 2011, the United States Court of Appeals for the Fourth Circuit affirmed the judgment of this court [DE-437]. Shealey has now filed the instant motion requesting a resentencing by claiming that the drug quantities that were attributed to him during his sentencing hearing were inaccurate.

## II. ANALYSIS

The essence of Shealey's argument for resentencing is that he was attributed to a higher quantity of drugs than what he was found guilty of at trial. More specifically, the jury returned a

special verdict form at the conclusion of the trial finding that Shealey had conspired to distribute or possessed with intent to distribute at least 500 grams, but less than 5 kilograms of cocaine, at least 50 grams of cocaine base ("crack") and at least 1 kilogram of distributing heroin. Shealey claims that, at sentencing, he was sentenced based on the quantities that were attributed to him in the presentence report, which held Shealey accountable for 27,000 grams of cocaine, 8,678.785 grams of cocaine base ("crack"), 17,918.3. grams of heroin and 38,556 grams of marijuana for a total marijuana equivalency of 196,930.22 kilograms.

As a preliminary matter, the court notes drug quantities that increase the statutory maximum sentence are elements of the offense and thus must be charged in the indictment and submitted to the jury for proof beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). However, the sentencing judge may find facts relevant to determining a sentencing guideline range by a preponderance of the evidence, so long as that guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict. *United States v. Benkahla*, 530 F.3d 300, 312 (4th Cir. 2008); *see also United States v. Perry*, 560 F.3d 246, 258 (4th Cir. 2009) (holding that courts may make factual findings concerning sentencing factors by a preponderance of the evidence and consider acquitted conduct when applying the guidelines in an advisory fashion). As long as the sentence imposed does not exceed the maximum sentence authorized by the jury's verdict, the district court does not violate the Sixth Amendment by imposing a sentence based on a higher drug quantity than was determined by the jury. *See United States v. Webb*, 545 F.3d 673, 677 (8th Cir. 2008).

2

Case 5:08-cr-00282-FL   Document 446   Filed 07/01/11   Page 2 of 3

Here, pursuant to 21 U.S.C. § 851, the government filed a Notice of Enhancement seeking an enhanced penalty as required before trial or entry of a plea of guilty. Shealey was subsequently found guilty as to all eight counts in the superseding indictment by the jury. Therefore, as to count 1 of the superseding indictment, Shealey was facing not less than 20 years or more than life imprisonment. At sentencing, the court, by a preponderance of the evidence, found Shealey accountable for 27,000 grams of cocaine, 8,678.785 grams of cocaine base, 17,918.3 grams of heroin and 38,556 grams of marijuana for a total marijuana equivalency of 196,930.22 kilograms. The court considered the advisory guideline range as well as the 18 U.S.C. § 3553(a) sentencing factors. The court found Shealey's adjusted offense level to be 48, five levels higher than the maximum permitted by the sentencing guidelines. The court then determined Shealey's total offense level was 43 and based on his criminal history category of VI, the court sentenced Shealey to life imprisonment. The court finds that Shealey's sentence was procedurally and substantively appropriate and finds no reason to allow the requested resentencing. Accordingly, Shealey's Motion for Resentencing [DE-440] is **DENIED**.

SO ORDERED.

This the 1st day of July, 2011.

JAMES C. FOX
Senior United States District Judge

3

Case 5:08-cr-00282-FL   Document 446   Filed 07/01/11   Page 3 of 3