IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-00282-F-2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DONALD STANTON SHEALEY ) | |
| ) | |

This matter is before the court on *pro se* Defendant Donald Stanton Shealey's Motion to Represent Himself in 3582 Proceedings [DE-762] and Motion for Reduction in Term of Imprisonment [DE-761]. As explained below, Defendant's motion is properly construed as an unauthorized successive motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1]

## I. BACKGROUND

On August 6, 2009, following a jury trial, Defendant Donald Stanton Shealey was found guilty of eight separate counts of drug and money laundering offenses. He was sentenced to a term of life imprisonment on Count One, Conspiracy to Possess with Intent to Distribute and Distribute More Than 1 Kilogram of Heroin; At Least 500 Grams, but Less Than 5 Kilograms of Cocaine; and at Least 50 Grams of Cocaine Base (Crack).[2] Am. J. [DE-336] at 3. On May 22, 2014, the court denied a Motion to Reduce Sentence under Amendment 750 to the United States Sentencing Guidelines, finding Defendant ineligible because the amount of crack cocaine

---

[1] *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (noting the "longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions").

[2] Additionally, Defendant was sentenced to 360 months' imprisonment on each of Counts Two through Six and 240 months' imprisonment on each of Counts Seven and Eight, all to be served concurrently with his life sentence on Count One. *See* Am. J. [DE-336] at 3. Counts Two through Eight are irrelevant to the instant motion.

attributable to him is greater than 8.4 kilograms. *See* Order of May 23, 2014 [DE-578]. On December 29, 2014, Defendant simultaneously moved the court to appoint counsel and filed *pro se* a Motion for Sentence Reduction pursuant to Amendments 750, 759, and 782 to the United States Sentencing Guidelines. [DE-630, -631]. Counsel was appointed under local Standing Order 14-SO-01. On November 19, 2015, the court denied Defendant's Motion to Reduce Sentence, finding that Guidelines Amendments did not have the effect of reducing Defendant's guidelines imprisonment range. [DE-733]. In the instant motion, Defendant again seeks a reduction in his sentence under Amendments 750 and 782.

## II. DISCUSSION

Defendant characterizes the motion as one brought pursuant to 18 U.S.C. § 3582(c) and seeks relief thereunder in light of retroactive Amendments 750 and 782 to the Guidelines.[3]

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011). These exceptions are identified in 18 U.S.C. § 3582(c). Specifically, § 3582(c) provides that a court may modify a sentence in three circumstances only: (1) upon motion by the Director of the Bureau of Prisons, *id.* § 3582(c)(1)(A); (2) pursuant to either Rule 35 of the Federal Rules of Criminal Procedure or other express statutory authority, *id.* § 3582(c)(1)(B); or (3) where a defendant was sentenced to a term of imprisonment based on a sentencing range subsequently lowered by the United States

---

[3] Section 1B1.10, which implements 28 U.S.C. § 994(u), provides that where

> a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered by an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)....

U.S. Sentencing Guidelines Manual § 1B1.10(a)(1) (Sentencing Comm'n 2015). Amendment 782—listed in subsection (d)—generally reduces by two levels the offense levels assigned to the quantities triggering the statutory mandatory minimum penalties in § 2D1.1 of the Guidelines Manual.

Sentencing Commission, provided that certain other requirements are met, *id.* § 3582(c)(2). If the court finds a defendant eligible for sentence reduction, the court then "consider[s] whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Neither the Director of the Bureau of Prisons nor the Government has moved to reduce Defendant's sentence. The court already considered and denied a sentence reduction pursuant to § 3582(c)(2) in light of Amendments 750 and 782. *See* [DE-733]. Section 3582(c) offers Defendant no further relief. *See United States v. Clark*, 565 F. App'x 277, 278 (4th Cir. 2014) (stating a defendant has "only one opportunity to seek, through a § 3582(c)(2) motion, the benefit of [an] amendment" to the Guidelines and a court "lack[s] authority to grant subsequent relief – either by way of a second § 3582(c)(2) motion or a motion for reconsideration of the initial order").

The challenge Defendant mounts is a poorly disguised collateral attack on the legitimacy of his sentence and, as such, must be brought, if at all, pursuant to 28 U.S.C. § 2255.[4] *See United States v. Clark*, No. 5:08-CR-100-F-1, 2013 U.S. Dist. LEXIS 88110, at *4 (E.D.N.C. June 24, 2013) (characterizing the defendant's motion to reconsider its § 3582(c)(2) in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), as an "attempt[] to avoid the limitations imposed on § 2255 motions"). Before filing a second or successive motion for § 2255 relief in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). The Fourth Circuit Court of Appeals has not authorized Defendant to file this successive action. Without such authorization, a district court lacks jurisdiction to consider the validity of

---

[4] On August 13, 2012, Defendant filed a motion pursuant to § 2255. [DE-497]. The court dismissed Defendant's motion on the merits and denied a certificate of appealability. [DE-728].

Defendant's sentence. *See* 28 U.S.C. § 2244(b)(3)(A); *United States v. MacDonald*, 641 F.3d 596, 604 (4th Cir. 2011); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

The court notes that, regardless of Defendant's claim being second or successive, it is without merit. In 2009, Defendant was held accountable for the equivalent of 196,951.22 kilograms of marijuana and for possessing a firearm, resulting in a base offense level of 40. *See* U.S. Sentencing Guidelines Manual § 2D1.1(b)(1), (c)(1) (Sentencing Comm'n 2008). After various enhancements, Defendant's adjusted offense level was 48. Under the Guidelines, an offense level greater than 43 is to be treated as an offense level of 43. *Id.* Ch.5, Pt.A, cmt. n.1. Accordingly, Defendant was sentenced at that level. Defendant's offense level would not change based on today's Guidelines, which incorporate all subsequent Amendments. The extraordinary drug weight combined with the firearm possessed place Defendant in the highest tier of the drug quantity table, with a base offense level of 40. *See* U.S. Sentencing Guidelines Manual § 2D1.1(b)(1), (c)(1) (Sentencing Comm'n 2015). The enhancements applicable at Defendant's original sentencing continue to apply today, resulting in a total offense level of 43. Because subsequent amendments do not change his guidelines imprisonment range, Defendant is ineligible for a sentence reduction.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Reduce Sentence [DE-761] and Motion to Represent Himself in 3582 Proceedings [DE-762] are DISMISSED without prejudice to seek pre-filing authorization from the Fourth Circuit Court of Appeals. The court DENIES a certificate of appealability. *See* 28 U.S.C. § 2253(c).

SO ORDERED.

This the 2 1 day of March, 2016.

*signature*
JAMES C. FOX
Senior U.S. District Judge