IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-282-FL-2

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DONALD STANTON SHEALEY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to vacate under 28 U.S.C. § 2255 (DE 1015) and the government's motion to dismiss (DE 1021). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R") (DE 1029), wherein it is recommended that the court dismiss defendant's motion and grant the government's motion. Thereafter, defendant objected to the M&R. (DE 1030). In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R, dismisses defendant's § 2255 motion, and grants the government's motion.

## BACKGROUND

Superseding indictment filed January 15, 2009, charged defendant with conspiracy to possess with intent to distribute and distribute more than one kilogram of heroin, more than five kilograms of cocaine, and more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846 (count one); distribution of a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) (counts two through six); conspiracy to commit laundering of monetary instruments, in violation of 18 U.S.C. § 1956(h) (count seven); and laundering of monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (count eight). On March 3, 2009, the government filed notice of intent to seek

enhanced penalty pursuant to 21 U.S.C. § 851, which increased the then-applicable statutory minimum from 10 years to 20 years on count one, and the statutory maximum from 20 years to 30 years on counts two through six.

On March 24, 2009, a jury found defendant guilty of all counts. The court held defendant's sentencing hearing on July 14, 2009. Defendant's criminal history included convictions for robbery with a dangerous weapon, possession with intent to sell and deliver marijuana, assault on a female, and resisting a public officer. (PSR (DE 781) ¶¶ 34-40). At the time of sentencing, defendant qualified for the career offender sentencing enhancement, placing him in criminal history category VI. (Id. ¶ 45). Based on criminal history category VI and offense level 43, the Guidelines range was the statutory maximum sentence on each count: life imprisonment on count one, 360 months' imprisonment on counts two through six, and 240 months' imprisonment on counts seven and eight. (Id. ¶¶ 72, 74, 76). The court sentenced defendant to the foregoing custodial terms.

Defendant appealed and the United States Court of Appeals for the Fourth Circuit affirmed. Defendant thereafter commenced multiple post-conviction proceedings. November 13, 2015, the court denied a first § 2255 motion to vacate filed by defendant. (DE 728). The court also thereafter denied a motion to reduce sentence, and dismissed further motions to reduce sentence as successive § 2255 motions. (E.g., DE 733, 773, 868).[1]

Defendant, proceeding with counsel, filed May 1, 2020 a motion for reduction of sentence pursuant to § 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222, (the "First Step Act"). Defendant also filed a pro se motion for compassionate release June 11,

---

[1] Upon retirement of the judge previously assigned, the court reassigned the instant case to the undersigned on April 5, 2017.

2020. The United States Probation Office filed August 6, 2020, a modification to the presentence investigation report, pursuant to § 404 of the First Step Act, stating that the "statutory enhancement no longer applies," because of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and the statutory minimum penalty for count one decreased from 20 years to ten years, and the statutory maximum penalty for counts two through six decreased from 30 years to 20 years. The court denied the First Step Act and compassionate release motions April 13, 2021. (DE 999). The Fourth Circuit affirmed February 16, 2023.

Defendant filed the instant motion July 6, 2023, asserting one ground for relief: "[Defendant] is now actually innocent of his life sentence as a career offender because his prior convictions are expunged." (DE 1015 at 8).[2] Defendant relies upon expungement records from the Superior Court of Durham County, as well as prior post-conviction filings. Where the instant motion first was filed in the Fourth Circuit as part of a motion under 28 U.S.C. § 2244 for order authorizing the district court to consider it, the Fourth Circuit entered an order noting that the instant § 2255 motion is not successive, because it is "based on new facts," and directing that the motion be deemed timely filed in the district court July 6, 2023. (DE 1014 at 2).

The government filed the instant motion to dismiss November 6, 2023, and defendant then responded in opposition, relying upon a "FSA Recidivism Risk Assessment" form. (DE 1024-1). Defendant thereafter filed a letter and an "urgent objection to the district court's order limiting the magistrate's review to just his § 2255 motion and the government's motion to dismiss." (DE

---

[2] Throughout this order, page numbers in citations to documents in the record are to the page number specified in the footer of the document supplied by the court's case management / electronic case filing (CM/ECF) system for the docket entry (DE) and not the page number, if any, showing on the face of the underlying document.

1026, see DE 1027). Two character letters also have been filed. (DE 1025, 1028). The M&R and petitioner's objection followed.

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).[3] Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent

---

[3] Throughout this order, internal quotations and citations are omitted from all case citations unless otherwise specified.

with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.      Analysis

The magistrate judge cogently addressed the reasons for dismissal of the instant § 2255 motion, correctly determining that the expunged convictions do not result in a change to defendant's guideline range of life on count one and have "no material impact on [defendant's] sentence." (DE 1029 at 8). Upon review of the claims asserted and the record in this case, the court adopts the findings and recommendation in the M&R. The court writes separately to augment the analysis of the M&R in light of the applicable standard and defendant's objections.

"After an enhanced federal sentence has been imposed [because of a prior conviction], the person sentenced may pursue any channels of direct or collateral review still available to challenge his prior conviction." Daniels v. United States, 532 U.S. 374, 382 (2001). "[I]nmates should first initiate a separate proceeding challenging the validity of their state court convictions," by, for example, "litigat[ing] the facts underlying their state convictions." United States v. Gadsen, 332 F.3d 224, 228 (4th Cir. 2003). "If any such challenge to the underlying conviction is successful, the defendant may then apply for reopening of his federal sentence." Daniels, 532 U.S. at 382.

However, "[v]acatur alone does not entitle a petitioner to habeas relief." United States v. Pettiford, 612 F.3d 270, 278 (4th Cir. 2010). "Rather, . . . vacatur entitles a petitioner to seek review." Id. In doing so, "the petitioner must still meet his burden of showing that his sentence is unlawful on one of the specified grounds, because only after determining that a sentence is unlawful can the district court vacate and set aside the sentence." Id.

In addition, "[t]he concurrent sentence rule provides that where a defendant receives concurrent sentences on plural counts of an indictment and where the conviction on one count is

5

found to be good, a reviewing court need not pass on the validity of the defendant's conviction on another count." United States v. Charles, 932 F.3d 153, 159 (4th Cir. 2019). This rule applies in "situations where there is no substantial possibility that the unreviewed conviction will adversely affect the defendant's right to parole or expose him to a substantial risk of adverse collateral consequences." Id.

Here, defendant has failed to show that expungement of prior convictions renders his original sentence unlawful. In particular, the statutory maximum penalty of life imprisonment and the guidelines range of life on count one remain the same even without consideration of any prior convictions, under 21 U.S.C. § 841(b)(1)(A). (See Presentence Report (DE 781) ¶ 71; Modification to PSR (DE 977) at 1-2).

In addition, the sole expunged conviction that was originally used to enhance defendant's statutory maximum penalty for counts two through six, a 1995 conviction for robbery with a dangerous weapon, (see Notice (DE 247) at 1; § 2255 Mot. Ex. (DE 1015) at 24; Presentence Report (DE 781) ¶36),[4] was not subject of "vacatur" or a successful challenge to its "validity." Gadsen, 332 F.3d at 228; Pettiford, 612 F.3d at 278. Rather, the expunction order specifies it is based upon N.C. Gen. Stat. § 15A-145.8A, which provides for expunction of records for offenders under the age of 18 after "any active sentence . . . has been served." N.C. Gen. Stat. § 15A-145.8A(a). This is in contrast to an expunction granted "when charges are dismissed or there are findings of not guilty" or when "pardon of innocence is granted." N.C. Gen. Stat. § 15A-147 –

---

[4] The government's March 3, 2009, notice of intent to seek enhanced penalty pursuant to 21 U.S.C. § 851 listed defendant's 1995 conviction for "Robbery With a Dangerous Weapon" as one of three convictions providing a basis for a § 851 enhancement. (DE 247 at 1). The notice specifies the case number for this conviction as 95CRS100054. (Id.). The presentence report and the expungement order, by contrast, specify the case number for this conviction as 95CRS100053. (DE 781 ¶ 36).

6

148; cf. United States v. Mobley, 96 F. App'x 127, 129 (4th Cir. 2004) (noting only "[c]onvictions reversed or vacated for reasons related to constitutional invalidity, innocence, or errors of law are expunged for purposes of the Guidelines"). Thus, the expunction upon which defendant relies does not "entitle [defendant] to habeas relief." Pettiford, 612 F.3d at 278.[5]

Furthermore, and in the alternative, even if expunction could provide a basis for vacating the original sentence of 360 months on counts two through six, the greater original sentence on count one remains valid and is not unlawful. Accordingly, by virtue of operation of the "concurrent sentence rule," the "court need not pass on the validity of the defendant's conviction on" counts two through six, because "there is no substantial possibility that the unreviewed conviction will adversely affect the defendant's right to parole or expose him to a substantial risk of adverse collateral consequences." Charles, 932 F.3d at 159.

Defendant argues he is entitled to a resentencing because his expunged convictions "were a significant factor in his sentencing" originally. (Obj. (DE 1030) at 1). Defendant also argues that "'extraordinary' and 'compelling' factors show[] a new disparity in [his] sentence, . . . which [he] will present during his in-person resentencing hearing." (Obj. (DE 1030) at 1-2). Defendant points out eight changes in the law and facts that would influence weighing of § 3553 factors upon a resentencing: 1) defendant no longer qualifies as a career offender, 2) defendant no longer qualifies for a leadership role enhancement, 3) criminal history status points for being on probation

---

[5] Remaining charges subject to expunction already were listed in the original presentence report, if at all, as charges for which defendant was not convicted or dismissed charges. (See, e.g., § 2255 Mot. Ex. (DE 1015) at 22 (specifying expunction of assault on a female charge, in case no. 04CR047963); Presentence Report (DE 781) ¶ 47 (noting defendant "was found not guilty" of this same charge); § 2255 Mot. Ex. (DE 1015) at 20 (listing for expunction additional assault on female charges, in case nos. 95CR013915 and 95CR013914); Presentence Report (DE 781) ¶ 47 (noting these charges, among others, "were dismissed"). Thus, the additional expunctions upon which defendant relies do not entitle defendant to habeas relief.

7

when charged for the instant offense no longer apply; 4) criminal history status points for commission of the instant offense within two years of prior sentence no longer apply, 5) guidelines are advisory and not mandatory, 6) new § 3553 factors are available now that were not available originally, weighing in favor of a reduction in life sentence, 7) defendant is entitled to a two-point offense level reduction due to 18-1 cocaine base ratio, and 8) defendant has undertaken successful post-sentencing rehabilitation efforts.

These factors, however, are not pertinent to the standard for vacating a sentence under § 2255. Where defendant's statutory maximum penalty of life imprisonment was not dependent upon defendant's prior convictions or the court's determination of any sentencing factors, these do not render defendant's life sentence "in excess of the maximum authorized by law, or . . . otherwise subject to collateral attack." 28 U.S.C. § 2255.

The court also observes that these arguments, together with petitioner's use of the phrase "extraordinary and compelling factors," suggest he is conflating § 2255 proceedings with motions for compassionate release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 (current sentencing commission policy defining extraordinary and compelling reasons for compassionate release); United States v. Davis, 99 F.4th 647, 653–58 (4th Cir. 2024) (discussing standard governing compassionate release motions and concluding "[n]onretroactive changes in law remain relevant when a court has to decide when and how to modify a sentence"). To the extent petitioner is seeking compassionate release, he must file a separate motion seeking such relief. The court expresses no opinion herein as to whether petitioner is eligible for compassionate release or whether the § 3553(a) factors support a sentence reduction under this statute. Notably, and unlike § 2255, second or successive motions for compassionate release do not require authorization from the court of appeals. See 18 U.S.C. § 3582(c)(1)(A).

8

In sum, where defendant has not demonstrated a basis for vacating his sentence and resentencing under § 2255, his motion must be dismissed as a matter of law.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 1029), DISMISSES defendant's § 2255 motion (DE 1015), and GRANTS the government's motion (DE 1021). A certificate of appealability is DENIED. The clerk is DIRECTED is close this case.

SO ORDERED, this the 15th day of August, 2024.

LOUISE W. FLANAGAN  
United States District Judge